In the Constitutional Couri, Charleston,May, 1804, present all the judges, except Bay, J. absent. The court having considered the arguments offered in the foregoing cases of Munro, et al & Holmes, aud Munro, et al. & Pritchard, and advised thereon, de. livered an opinion, in substance as follows : Upon a careful examination of the will in question, there can be nothing found to *324 induce a belief that the testator intended, in case either of his daughters sh >uld marry, a> d die under twenty one, leaving issue, such isMie should take nothing under his bequest; yet if such an event had happeued, according to the literal construction contended for, the grandchildren of the testator would not be entitled to take. It is immaterial whether the event actually took place ,or not: it might have happened. It is not to be presumed that the testator lóresaw it would not happen, in the subsequent part bf the will, the word and appears to be used in the same sense as the word or, in the part in question ; and it does not apppar tha| the testator was aware, of their different meanings and legal effect. His daughters were all equally the objects of his bounty. It cannot be supposed he meant to restrain them from marrying under twenty one, and yet permit his sons todo so. And if not, he certainly' could not intend to leave the issue of such as might die under that age unprovided for. It would be an unnatural and uncharitable supposition, and therefore inadmissible. If this was not his intention, he has made a mistaken use of the word or, and should have instead thereof inserted the word and, so as to couple the two contingencies together, and not disjoin them : and then the bequest intended for his daughters, in the event of either of them dying would not go over u- less she died under twenty one, and unless she died without lawful issue. This construction is fully warranted by the apparent intent of the testator, to be collect» éd from his whole will taken together, and by the authorities produced. A distinction, to be sure, prevails in England between devises of real estate and bequests of personal estate, and chattels real, founded on the partiality which is ever shown to the heir at law. But whatever foundation there may be in England for such a distinction, there is certainly none here. All the kindred, in equal degree, are heirs at law', and equally entitled ; and the ground of distinction which exists in England, has no existence with us. The construction which has obtained in relation to personal estate, to effectuate the intention of the testator, is founded in reason am| justice, and applies on this occasion. Judgment for defendants,
Note. In Walsh v. Peterson, 3 Atk. 193, the words were “to P,, his heirs, and assigns, forever; but in case he dies before he shall attain the age of twenty one, or without issue, then ever." P died after twenty one, without issue. Lord Hard\vicke held it to be a vested estate in tee in P., as he attained twenty one, although he died without issue Cited Cro. Eliz. 525, Moore, 422, as determining the very point; and or construed and.
in Framlingham v. Brand, 3 Atk. 390, the words were, “ to R. and his *325 ijieirs and assigns forever ; and in case he shall happen to die in his minority, and unmarried, or without issue, then over.” Lord Hardwicks was clear, that it was a fee with an executory devise, and that the estate would not go aver upon tne happening of either of the three ennti.-gences: 1. Dying in mijnority 2 Dying unmarried 3 Dying wi.hout issue. Because, should that eonstruction prevail, had R. married and had issue, and had died uuder age, .the issue would have been disinherited, which would contradict the general intent of the will. And the Lord < hancellor said that there was but one contingency, attended with'two qualifications, of his being unmarried, or dying without issue: and .the word oy has reference to the different qualifications that may happen during the minority, which are all tied up to li’s. dying under age. See 3 Ves. Jun. 545. 3 vol Suppl Vin 219.
In Brownsword v. Edwards, 2 Ves 243, the words were “but if B dies before twenty one, and without issue, over." 1 he Lord Chancellor said that as soon as B attained twenty one, or had issue, although he died before twenty one, ttie estate vested; and that this construction maltes the dying without issue go through the whole, and answers the genetal intent Cited Cro. C. 185, and other cases in Crake, where the court proceeded on the notion, that it was not ^the intent to disinherit the issue, and therefore or should be construed and.
In Wright v Kemp, 3 T. R., 470, the word or was co strued to mean and, in the surrender of a copyhold, in order to off- ctuate the intent of the parties.
In Baker v Suretees, 2 Stra. 1175, the words of the will were, “but m case he dies before he attains the age of twenty one years, or marriage, and without issue, then over.” . he d: visee died after attaining twenty one, without having been married. The court held that it was only one contingency, and rejected the word or marriage; and cited Price v Hunt, Pollex 645, where the word or was consumed conjunctively, See 1 Stra. 427. 2 Eq. Abr. 338. 8 Vin. Abr. 110. 1 Sid. 148. 2 Fearne. 390
In executory devis- s of terms for years, and other personal estate, any words are laid hold of in equity to tie up -the generality of the expression dying without issue, and confine it toa dying without issue living at the time of the person’s decease. 2 Fearne, 194, 390. 2 Ves 118, in the case of deed. But as to real «state, where the interest of the heir is concerned, a different construction h is prevailed, See 2 Fearne, 1 >4 8 Atk. 288. it is, however extended to real estates in effect, where it is necessary to exclude an indefinite failure of issue. f?ee 2 VV ooddes. 230.
Rose v. Hill, 3 Burr. 1881. The words survivor and survivors, held to relate iO the testator’'- death. 1 Ves. 227.
The words dying without issue has two senses. 1. A vulgar sense, i. e. dying without leaving issue at the person’s decease. 2. A legal sense, i. e. wherever there is afailuie of issue 2 Wooddes 242 1 P Wms. 432, Forth v. Chapman. The first applies to chattel interests; the latter to real estate, in favor of the heir. See 2 Fearne, 195, 362. But this distinctiou obtains only where the intent wid be best-answered. b Pow. in mit's.
Maberly v. Strode, 3 Ves Jun. 450. Bequestin trust for A. for life, and after his decease for his children : if sons, at twenty one; if daughters, at twenty one or marriage. “ But in case mv said son shall die unmarried, and without issue; or having issue, they shall die before he or they, if son, or sons, «hall attain the ages of twenty one years; or if daughter, or daughters, shall attain twenty one years, or be married, then over,” &e. A. married, but died .^vithotit having issue in his wife’s life time. And. was construed r.
*326 In our law, we may frequently see the disjunctive taken as the copulative, and the copulative as the disjunctive, in order to make the words stand with reason, and the intent of the parties. Plowd. 289.